**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD GOODE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:04-1781** |
| **v.** | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| **JOHN NASH,** | : | |
| **Defendant** | : | |

## REPORT AND RECOMMENDATION

Pending before the court is the defendant's second motion for summary judgment. (Doc. No. 49). Based upon the court's review of the record in this action, it is recommended that the defendant's motion be granted.

On August 12, 2004, the plaintiff, an inmate at the Federal Correctional Institution at Schuylkill, ("FCI-Schuylkill"), Minersville, Pennsylvania, filed this Bivens[1] action, in which he alleges violations of his constitutional rights based upon his exposure to second-hand smoke. (Doc. No. 1).

By order dated September 10, 2004, it was directed that process issue. (Doc. No. 10).

On November 23, 2004, defendant Nash, the only named defendant in this action, filed a motion for summary judgment in which it was argued that

---

[1]Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

the plaintiff had failed to state a claim upon which relief can be granted[2] and

that defendant Nash was entitled to qualified immunity.  (Doc. No. 13).

By report dated August 11, 2005, the undersigned recommended that

the defendant's motion for summary judgment be granted.  (Doc. No. 24).  No

objections to the report were filed.  However, by memorandum and order

dated September 26, 2005, the district judge declined to adopt the report and

recommendation.  In doing so, the district judge stated, in part:

> In the instant case and construing, as the court must, plaintiff's *pro se* filings liberally, see Leamer v. Fauver, 288 F.3d 532, 547-48 (3d Cir. 2002), there exists potential merit in Goode's claim.  Good alleges that his exposure to ETS has caused a diminishment in his "normal state of health," and that he has suffered "nasal discomfort, coughing and other maladies." (Doc. 1 at 2).  He avers that these ailments were caused, in part, by other inmates smoking in overcrowded conditions and within poorly ventilated buildings. (See Doc. 19 at 10-11, 12).  While the magistrate judge found that Goode failed to provide sufficient evidence of such harm, Goode's medical records demonstrate that he has a history of infirmary visits for breathing and sinus problems that may potentially be caused by exposure to second-hand smoke. (Doc. No. 15, Ex. 1 at 12, 16, 23, 26, 28, 38, 41). The evidence of record also indicates that Nash was informed of these problems through a complaint submitted by Goode, and that Nash did not take any immediate remedial action, but simply referred Goode to smoking policies then under review. (Doc. 15, attach. 3 at 44). Thus viewed, the record contains some evidence supporting each element of a claimed

---

[2]The defendant's motion was accompanied by over 130 pages of exhibits.  Therefore, it was filed as a motion for summary judgment.

Eighth Amendment violation, and could *potentially* support findings that (1) Goode was subjected to a substantial and unjustifiable risk to his present and future health from ETS, and (2) Nash knew of and disregarded this risk. See Helling v. McKinney, 509 U.S. 25, 36 (1993).  Under the view of the facts – and following discovery related to the conditions of which Goode complains – this case may be sufficiently analogous to others in which courts have concluded that a reasonable official in Nash's position would have known that his conduct violated "clearly established" constitutional standards. See Atkinson v. Taylor, 316 F.3d 257, 262-69 (3d Cir. 2003).

The court recognizes that several of these elements are supported only by minimal evidence, and sometimes by only the allegations of Goode's brief in opposition and those affidavits submitted into evidence. Whether Goode will be able to gather adequate admissible materials to support his claims remains an open question. But the current record does not provide Nash with qualified immunity protection, and Goode deserves an opportunity to develop his allegations.  See Fed.R.Civ.P. 56(c), (f).

The report of the magistrate judge will be rejected, and Nash's motion for summary judgment will be denied.  Nash will be directed to file an answer to the complaint, and Good will be permitted to seek limited discovery to gather evidence to substantiate his claim. Both parties will be permitted to move for summary judgment following this limited discovery.

(Doc. No. 27, pp. 3-5).(Footnotes omitted).

Upon remand, by order dated September 27, 2005, the undersigned directed that the parties would have 90 days following the filing of an answer to complete discovery and file dispositive motions.  (Doc. No. 28).

The defendant filed an answer to the plaintiff's complaint on February 2, 2006.  (Doc. No. 39).

On May 17, 2006, the defendant filed a motion for summary judgment. (Doc. No. 49). On June 1, 2006, the defendant filed a supporting brief, (Doc. No. 53), along with a statement of facts and approximately 100 pages of additional supporting exhibits, (Doc. No. 54). In this second motion for summary judgment, the defendant argues that he is entitled to summary judgment, as there are no material issues of fact for trial and the plaintiff has not shown that his alleged exposure to second hand smoke rises to the level of a constitutional violation. In addition, the defendant argues that he is entitled to qualified immunity and that the plaintiff's request for injunctive relief is moot.  The plaintiff filed an opposing brief, (Doc. No. 55), and "appendix attachment[3]," (Doc. No. 56), on June 20, 2006.  The defendant filed a substitute exhibit and an additional exhibit in support of the motion for summary judgment, (Doc. No. 58), as well as reply brief, (Doc. No. 59), on June 30, 2006.  Without seeking leave of court, the plaintiff filed a sur-reply brief on July 17, 2006.  (Doc. No. 61).  Furthermore, on November 29, 2006, the plaintiff filed a document titled "Supplemental Filing to Assist in Decision of the Herein Captioned Case."  (Doc. No. 62).  Attached to this document are a case law summary of Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003), from the *Prison Legal News* and an excerpt from an appendix in the FCI-Schuylkill

---

[3]The plaintiff's appendix does not contain any external supporting exhibits, but consists only of the plaintiff's factual disagreements with the defendant's materials.

Handbook which sets forth certain of the prisoners' rights and responsibilities.

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Third Circuit has recently reiterated the roll of the court in considering a motion for summary judgment:

> In deciding the motion for summary judgment, our job is to ascertain solely whether there is a dispute of material fact: we are not permitted to make factual findings, which remains the province of the jury. See Bragen v. Hudson County News Co., 278 F.2d 615, 618 (3d Cir.1960). When determining whether there are any genuine issues of material fact, we draw all inferences in favor of the non-moving party. Pa. Prot. & Advocacy, Inc. v. Pa. Dep't of Pub. Welfare, 402 F.3d 374, 379 (3d Cir. 2005) (citations omitted). Although the non-moving party receives the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact. Id.(citing Fed.R.Civ.P. 56(e)). In this respect, summary judgment is essentially "put up or shut up" time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument. See Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109-10 (3d Cir.1985). In addition, if the non-moving party has the burden of proof at trial, that party must set forth facts "sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Berckeley Inv. Group, Ltd. v. Colkitt,  455 F.3d 195, 201 (3d Cir. 2006).

Without unduly lengthening the instant report, the court has reviewed the materials provided by the defendant[4] and finds that the defendant has submitted sufficient materials to show that there is no genuine issue of material fact in this case and that he is entitled to summary judgment as a matter of law.

Despite the court's order of September 26, 2005, the basis of which was to allow the plaintiff "an opportunity to develop his allegations," and which "permitted [the plaintiff] to seek limited discovery to gather evidence to substantiate his claim," other than his own assertions, the plaintiff has submitted nothing further[5] to substantiate his claim and to counter the

[4]In addition to the materials submitted in support of his initial motion for summary judgment, which included the declaration of Attorney-Advisor John E. Wallace, portions of the plaintiff's commissary records, portions of the plaintiff's medical records, BOP Program Statement P1640.04, Smoking/No Smoking Areas, and defendant Nash's response to the plaintiff's request for administrative remedy, (Doc. No. 15), defendant Nash has further provided excerpts from the plaintiff's deposition testimony, an additional declaration of Attorney-Advisor John E. Wallace, the declaration of Unit Manager Anthony Prantow, and the declaration of Facilities Manager Tim Candelora, (Doc. No. 54).

[5]The plaintiff submitted two inmate affidavits in opposition to the defendant's original motion for summary judgment, which indicated that the plaintiff's tobacco possession and purchases were on their behalf and not for the plaintiff's own use. (Doc. No. 19).  The only other exhibits submitted by the plaintiff in relation to the instant motion for summary judgment are the case
(continued...)

defendant's materials.

In his brief opposing the defendant's motion for summary judgment, the plaintiff states that "definitive evidence has been discovered and preserved which openly and absolutely confirms that FCI SCHU has via still smoking staff flaunted and violated its own anti-smoking policy, while also assiting (sic) inmates in also still smoking in a supposedly smoke-free by mandate and rule facility." (Doc. No. 55, p. 1). However, the plaintiff has submitted no such evidence to the court.

The plaintiff goes on to claim that he was "NEVER ADVISED as to any date deadline[6] of May 3, 2006. [For Discovery] May 17, 2006 was the only noted day for and when Nash moved for Summary Judgement." (Doc. No. 55, p. 2). Had he been advised of a discovery deadline, the plaintiff states that he "would have enthusiastically requested a raft of data and other information to confirm not only his suspicions; but also his grounds and claims . . ." (Id.).

With respect to the plaintiff's claim, in denying the defendant's initial

---

[5](...continued)
summary of Atkinson, supra., and the appendix from the inmate handbook which do nothing to rebut the defendant's materials.

[6]The court notes that the plaintiff does not claim that he was never advised of the commencement of discovery, but only that he was not advised of a discovery deadline. Despite being aware of the commencement of discovery, the defendant's materials provide that the plaintiff never served any discovery upon them and the plaintiff has submitted nothing to show otherwise.

7

motion for summary judgment, the district judge specifically indicated that he was doing so in order that the plaintiff "be permitted to seek limited discovery to gather evidence to substantiate his claim." (Doc. No. 27, p. 5). The court's order, at the least, put the plaintiff on notice that he needed to engage in some discovery to substantiate his claim. From September 26, 2005, the date on which the court entered its order, through May 17, 2006, the date on which the defendant filed his motion for summary judgment, the plaintiff sought absolutely no discovery from the defendant.

Moreover, the day following the court's issuance of the above order, the undersigned entered an order which directed that the parties "shall have ninety (90) days following the filing of an answer in this matter to conduct discovery and file dispositive motions." (Doc. No. 28). This order, like all other orders entered in this case, was served upon the plaintiff at FCI-Schuylkill. Other than claiming that he was never advised of a discovery deadline, the plaintiff does not claim that he never received this court's order, nor is there any indication from the record that the plaintiff did not receive the order. However, even if by some chance the plaintiff did not receive the court's order setting discovery and dispositive motions deadlines, by correspondence filed on March 6, 2006, the plaintiff requested and was provided with a copy of the docket sheet in this action, which clearly reflects the language of the court's September 27, 2005, order. (Doc. Nos. 45 & 46). The defendant's answer having been filed on February 2, 2006, prior to the

time that the plaintiff received the docket sheet, he must have been aware of the discovery deadline.

If the above weren't enough to place the plaintiff on notice of his need to conduct discovery and the deadline for doing so, on May 3, 2006, the defendant sought an extension of time to file his dispositive motion in order to provide the plaintiff an opportunity to review his deposition testimony and note any inaccuracies.  In this filing, the defendant specifically referenced the May 3, 2006, deadline for discovery.  (Doc. No. 47).  Even with this, the plaintiff neither requested discovery from the defendant, nor sought an extension of time to do so.

As set forth above, although the plaintiff receives the benefit of all factual inferences in the court's consideration of a motion for summary judgment, he must point to some evidence in the record that creates a genuine issue of material fact.  He may not rest on his own assertions, legal memoranda, or oral argument to contest the defendant's motion for summary judgment.  The instant action has been pending since August 12, 2004.  The plaintiff has been given ample opportunity to conduct discovery and to substantiate his claim.  At this point in the proceedings, with the defendant's second motion for summary judgment pending, the plaintiff has yet to "put up," as the Third Circuit has stated is necessary for the plaintiff to survive the defendant's motion for summary judgment.

9

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the defendant's motion for summary judgment, **(Doc. No. 49)**, be

**GRANTED**.


S/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States Magistrate Judge**


**Date:** December 20, 2006
O:\shared\REPORTS\2004 Reports\04-1781.01.wpd

10