# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD GOODE**, | : | CIVIL ACTION NO. 1:04-1781 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOHN NASH**, | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 23rd day of January, 2007, upon consideration of the report of the magistrate judge (Doc. 63), recommending that defendant's motion for summary judgment (Doc. 49) be granted, to which plaintiff has filed objections, and, following an independent review of the record, it appearing that the magistrate judge correctly determined that there was no genuine issue of material fact concerning plaintiff's unsupported allegations that defendant violated his Eighth Amendment rights by exposing him to environmental tobacco smoke ("ETS")[1], that plaintiff failed to establish the objective and subjective prongs of the <u>Helling</u> test

---

[1] This is defendant's second summary judgment motion. The first was denied to permit plaintiff "limited discovery to gather evidence to substantiate his claim." (Doc. 27.) Since the commencement of discovery on September 27, 2005, however, plaintiff only submitted the appendix from the inmate handbook and a summary of <u>Atkins v. Taylor</u>, 316 F. 3d 257 (3d Cir. 2003). (Doc. 63.) Neither of these submissions help substantiate plaintiff's claim.

outlined by the United States Supreme Court[2], see Helling v. McKinney, 509 U.S. 25, 35-36 (1993), that plaintiff did not demonstrate that he encountered any exposure to ETS that violates "[c]ontemporary standards of decency," see Atkinson v. Taylor, 316 F.3d 257, 262 (3d Cir. 2003) (describing the objective prong of the Helling test), and that defendant's implementation of a policy to separate nonsmoking inmates from smoking inmates to the most practical extent indicates that defendant was not deliberately indifferent to any serious risk, see Helling, 509 U.S. at 36-37 (elaborating on the subjective prong by stating that implementation of smoking policies will affect the determination of deliberate indifference), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 63) is ADOPTED.

2. Defendant's motion for summary judgment (Doc. 49) is GRANTED

3. The Clerk of Court is to enter JUDGMENT against plaintiff and in favor of defendant - John Nash.

4. The Clerk of Court is directed to CLOSE this case.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[2] The objective factors of Helling require plaintiff to demonstrate that he "is being exposed to unreasonably high levels of ETS" and that the alleged wrong "is not one that today's society chooses to tolerate."Helling, 509 U.S. at 35-36. The inquiry into the subjective factors of Helling should focus on whether prison officials demonstrated "deliberate indifference" toward the plaintiff's condition. Helling, 509 U.S. at 36-37.